**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **The Guardian Life Insurance Co.,** | ) | **CASE NO. 1:17 CV 547** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **James L. Rowe, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

## INTRODUCTION

This matter is before the Court upon Defendants James R. Rowe, Sr., individually and in his capacity as the Guardian of the Estate of W.R., a Minor, and also as the administrator of the Estate of James Rowe, Jr., and James Rowe III Motion for Summary Judgment (Doc. 22). This is a dispute over the distribution of life insurance proceeds. For the reasons that follow, the motion is GRANTED in favor of the Estate of James Rowe, Jr. Counsel for the estate must contact the Court's finance department to provide instructions for the proper distribution of the funds.

1

**FACTS**

Plaintiff The Guardian Life Insurance Co. of America brings this suit in interpleader against defendants, James L. Rowe, Sr. individually, and as Guardian of the Estate of W.R., a minor, James Rowe, III, the Estate of James Rowe, Jr. (collectively "moving defendants"), Shelby Rowe, and Bobbi Amos-Camacho. Plaintiff acknowledges that proceeds from the life insurance policy of James Rowe, Jr. ("decedent") are due and payable. A dispute exists, however, as to the rightful beneficiary of the proceeds. As such, plaintiff deposited the funds with the Court and was subsequently dismissed as a party to this lawsuit.

Plaintiff alleges that the decedent's death certificate lists the immediate cause of death as "a stab wound with additional causes of death including, exsanguination, multiple stab wounds, and pneumothorax." (Doc. 15, Ex. B). According to the complaint, defendant Amos-Camacho was charged with the decedent's homicide and later pled guilty to voluntary manslaughter. She is currently serving a prison sentence in an Ohio state penitentiary.

The insurance policies were issued pursuant to an ERISA Plan ("Plan") and accompanying policy documents. Plaintiff acknowledges–and defendants do not dispute– that the decedent is entitled to $250,000 in proceeds. According to the complaint, the Plan and policy documents "establish the right of a Plan participant to name his or her beneficiary, and state that benefits will be paid to the designated beneficiary." In this case, the decedent executed a beneficiary designation form naming defendant Amos-Camacho as the beneficiary. The Policy attached to the complaint provides that, "If there is no beneficiary when you die, we'll pay the insurance to one of the following: (a) your estate; (b) your spouse; (c) your parents; (d) your children; or (e) your brothers and sisters." Furthermore, "If your beneficiary is a minor or

2

incompetent, we have the option of paying this insurance in monthly installments. We would pay them to the person who cares for and supports your beneficiary."

Defendant Amos-Camacho filed an answer in this matter. According to the moving defendants, she disclaimed any interest in the proceeds during the case management conference held in this matter. Defendant Amos-Camacho indicated that she would return a written disclaimer, but no such disclaimer has been filed with the Court. Defendant Shelby Rowe executed a waiver of service, but the docket does not reflect that she filed an answer. This defendant, however, provided plaintiff's counsel with a written disclaimer.

The moving defendants seek summary judgment asking that the Court award the Estate of James Rowe, Jr. the proceeds to be disbursed pursuant to the laws of intestate. The motion is unopposed.

**SUMMARY JUDGMENT**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

3

Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir.1993). The nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

In the event that a party does not respond to a Motion for Summary Judgment, Federal Rule of Civil Procedure 56(e) provides that summary judgment shall nonetheless be entered "if appropriate."

**ANALYSIS**

1. The moving defendants and defendant Amos-Camacho

The moving defendants argue that defendant Amos-Camacho is not entitled to share in

4

the proceeds because Ohio's Slayer statute prevents the perpetrator of certain crimes resulting in the decedent's death, including voluntary manslaughter, from benefitting financially from the crime. Defendants argue that even if ERISA preempts this statute, federal common law is in accord and, as such, defendant Amos-Camacho should not be permitted to recover any of the proceeds at issue. Defendant Amos-Camacho does not oppose this argument.

Upon review, the Court agrees with defendants that the Court need not reach the issue of whether ERISA preempts Ohio's Slayer Statute because federal common law is in accord with the state statute. *See, e.g., Cadle v. Shelton*, 2013 WL 1282372 (S.D. Ohio March 26, 3013). Both federal and state law prevent slayers from benefitting from their actions. Thus, although named as a beneficiary, defendant Amos-Camacho cannot recover in that she has been convicted of voluntary manslaughter in connection with the death of the decedent.

The Court must now look to the terms of the Plan and policy documents in order to determine the contingent beneficiary. Here, the documents provide that in the absence of a beneficiary, the proceeds will go to either the decedent's estate, spouse, parents, children, or brothers and sisters. Here, all remaining defendants and potential beneficiaries agree that the proceeds should go to the decedent's estate. Because no opposition has been filed, and because the plan and policy documents expressly contemplate the distribution of the proceeds to the decedent's estate, the Court finds that the distribution sought by the moving defendants is warranted.

2. Defendant Shelby Rowe

"A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted" if

5

service was properly effected upon them. *Sun Life Assur. Co. of Canada, (U.S.) v. Conroy*, 431 F.Supp.2d 220, 226 (D.R.I.2006). *See also, Standard Ins. v. Asuncion*, 43 F.Supp.3d 1154, 1156 (W.D. Wash. 2014)(same). Here, defendant Shelby Rowe affirmatively waived service of process. Therefore, she was fully aware of these proceedings and chose not to participate. Moreover, although not authenticated, plaintiff attached to its motion for interpleader, a letter signed by her attorney disavowing any interest in the proceeds at issue. Therefore, based on the facts of this case, the Court finds that default judgment against Shelby Rowe is appropriate.

**CONCLUSION**

For the foregoing reasons, Defendants James R. Rowe, Sr., individually and in his capacity as the Guardian of the Estate of W.R., a Minor, and also as the administrator of the Estate of James Rowe, Jr., and James Rowe III Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.


    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 9/27/17